IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LASHAWN SPRUELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 17-809 |
| v. | : | |
| | : | |
| KIMBERLY BARKLEY, et al., | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants, | : | |
| | : | |

## ANSWER TO AMENDED COMPLAINT

AND NOW comes Defendant Barkley, by her counsel, Timothy Mazzocca, Deputy Attorney General, and the Pennsylvania Office of Attorney General, and submits the following Answer to Plaintiff's Amended Complaint (ECF 35-2):

### FIRST DEFENSE

1-2. These paragraphs are statements of jurisdiction and venue to which no response is required.

3. Admitted upon information and belief.

4. Admitted.

5. This paragraph pertains to John Doe defendants who have not been identified or served. Therefore, no response is required.

6-9. Admitted.

10-11. Admitted in part and denied in part. It is admitted that Plaintiff was in custody. It is denied that Plaintiff was in the custody of the BPP.

12. Admitted that Plaintiff was arrested on federal charges in May 2009.

13. Admitted.

14-16.  Denied.

17.     Defendants are without sufficient information to admit or deny.  Therefore, this paragraph is denied.

18-19.  Denied.

20.     Defendants are without sufficient information to admit or deny.  Therefore, this paragraph is denied.

22-32.  Denied.

33.     Admitted that a revocation hearing was held on October 28, 2015.

34-35.  Denied.

36.     Admitted.

37.     Denied.

38-39.  Admitted.

40.     Denied.

41.     Admitted that on April 3, 2016, Plaintiff was denied reparole.

42.     Admitted.

43-44.  Denied.  The opinions of the Commonwealth Court are written documents whose contents speak for themselves.  In addition, BPP took all appropriate action in response to them.

45.     Admitted in part and denied in part.  It is admitted that Plaintiff's maximum date was recomputed to be April 3, 2014.  It is denied that BPP or any Defendant "admitted" this.  Rather, Plaintiff's maximum date was recomputed based upon new case law by the Pennsylvania Commonwealth Court that BPP believed was erroneous and was later vacated by the Pennsylvania Supreme Court, confirming BPP's belief that the case law was erroneous.

56. Admitted in part and denied in part. In further response, Plaintiff received a benefit of several years being released on this date. He served well under the combined maximum sentences he faced in state and federal court. It is denied that Defendant made the decision to release Plaintiff; rather, the decision went out under her signature.

47-48. Denied.

49-50. Denied. In further response, BPP took all appropriate action in response to the Commonwealth Court decisions.

51. Denied.

52. This is an incorporation paragraph to which no response is required. To the extent a response is required, Defendants incorporate their answers to all other paragraphs of this Amended Complaint.

53. Denied.

54. Admitted in part and denied in part. It is admitted that Defendants acted under color of state law. It is denied that any of Plaintiff's rights were violated.

55-56. These paragraphs are conclusions of law to which no response is required. To the extent a response is required, they are denied.

57. Denied. To the contrary, Plaintiff received a benefit by being released when he was.

58. This paragraph is a conclusion of law to which no response is required. To the extent a response is required, it is denied.

59. This is an incorporation paragraph to which no response is required. To the extent a response is required, Defendants incorporate their answers to all other paragraphs of this Amended Complaint.

60. Denied.

61. Admitted in part and denied in part. It is admitted that Defendants acted under color of state law. It is denied that any of Plaintiff's rights were violated.

62. This paragraph is a conclusion of law to which no response is required. To the extent a response is required, it is denied.

63-67. Denied.

68. This paragraph is a conclusion of law to which no response is required. To the extent a response is required, it is denied.

Denied Plaintiff is entitled to any relief. To the contrary, he received a benefit by being released from custody when he was.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendant's actions and decisions with respect to Plaintiff were based upon legitimate penological interests, including security concerns and concern for staff safety, and at no time did the Defendant act with deliberate indifference to Plaintiff's health and/or safety and/or retaliate against him.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks relief from the Defendant in her official capacity for claims in the nature of a constitutional violation, such relief is barred by the Eleventh Amendment.

FIFTH AFFIRMATIVE DEFENSE

Defendant was at all times acting in good faith and in an objectively reasonable manner and did not violate any clearly established federal right of Plaintiff.  Therefore, she is entitled to qualified immunity and/or qualified good faith immunity from civil damages.

SIXTH AFFIRMATIVE DEFENSE

At no time has Defendant, either individually or in concert with others, deprived or sought to deprive the Plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts state law claims, they are barred by the Pennsylvania Sovereign Immunity Act.

EIGHTH AFFIRMATIVE DEFENSE

Defendant lacks the necessary personal involvement required to support liability under 42 U.S.C. §1983.

NINTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no adverse action.  To the contrary, Plaintiff received a benefit.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts all applicable affirmative defenses.

TWELFTH AFFIRMATIVE DEFENSE

Defendant took actions with respect to Plaintiff based upon advice of counsel.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer to add additional affirmative defenses.

A JURY TRIAL IS HEREBY DEMANDED.

                                     Respectfully submitted,

                                     JOSH SHAPIRO
                                     Attorney General

                                     /s/ Timothy Mazzocca
                                   TIMOTHY MAZZOCCA
                                   Deputy Attorney General
                                   Litigation Section

                                   KELI M. NEARY
                                   Acting Chief Deputy Attorney General
                                   Litigation Section

                                   OFFICE OF ATTORNEY GENERAL
                                   1251 Waterfront Place
                                   Mezzanine Level
                                   Pittsburgh, PA 15222

Date:  June 13, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within *Answer to Amended Complaint* was served upon the following individuals via the CM/ECF Filing System.

**David A. Berlin, Esq.**
Weisberg Law
7 South Morton Avenue
Morton, PA 19070

                                            By:    /s/ Timothy Mazzocca
                                            TIMOTHY MAZZOCCA
                                            Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Date:  June 13, 2018